Sullivan,  ⎱
Feb. 3, 1914. ⎰

JENNIE W. RICHARDSON v. ARTHUR E. BAILEY & a.

Where a will devises real estate to the husband of the testatrix upon condition
that her son is to be provided with board and clothes, and stipulates that the
latter is to have one thousand dollars from the property at the husband's
death, the son's support is not a charge upon the land after the decease of the
devisee.

PETITION, for the construction of the first clause of the will of
Lorana T. Stubbs, which reads as follows: "I give, devise, and
bequeath to my beloved husband, Charles E. Stubbs, my home-
stead farm, . ·. . provided my son, Arthur E. Bailey, is well
provided for in board and clothes; and at my husband's death the
said Arthur E. Bailey is to inherit one thousand dollars from the
above property, also his bed, bedstead, and bedding, and all my
pictures." Charles E. Stubbs is dead. The court held that
Bailey's board is a charge upon the land, and the plaintiff excepted.
Transferred from the May term, 1913, of the superior court by
*Kivel*, J.

*Frank H. Brown* (by brief and orally), for the plaintiff.

*Brown & Record* and *Frank O. Chellis*, for the defendants.

YOUNG, J. Mrs. Stubbs says, in substance: I give my husband
my homestead farm provided he takes care of my son; and on my
husband's death, my son is to have one thousand dollars out of
the above property—not one thousand dollars and his board and
clothes. It is probable, therefore, that she intended her son to
have his board and clothes as long as her husband lived and one
thousand dollars upon her husband's death. The plaintiff is ad-
vised that the farm is not charged with Bailey's support.

*Exception sustained.*

All concurred.